IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MICHAEL ANGELO WHATLEY, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) Civil No. 7:09-CV-107-O <br> RICK THALER, Director, ) <br> Texas Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br> Respondent. ) | |

### REPORT AND RECOMMENDATION

Under the authority of 28 U.S.C. § 636(b) and Rules 8(b) and 10 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this case was referred to the undersigned United States Magistrate Judge by Order of Reference (Docket No. 14) for hearing, if necessary, and findings of fact, conclusions of law and recommendation for disposition.

### Factual Background

On October 14, 2008, Petitioner Whatley was convicted in the 97th Judicial District Court of Montague County, Texas on his plea of guilty to the offense of being a felon in possession of a firearm and was sentenced to ten years in prison. Whatley did not directly appeal his conviction. Instead, about two months after his plea, he filed a state application for writ of habeas corpus collaterally attacking his conviction. The state trial court held a hearing on his application but at the hearing Whatley moved to dismiss his state application. It was dismissed on his motion. Whatley filed his federal petition in this court on July 3, 2009.

### Petitioner's Claims

By his petition, Whatley claims that his guilty plea was involuntary because he was denied effective assistance of trial counsel because his trial counsel failed to properly advise him of the

1

elements of the crime of possession of a firearm by a felon; and that he was forced to dismiss his state application for writ of habeas corpus because the District Attorney threatened that he would be re-indicted for this case and others if his state application was granted.[1]

### State Response

The state responds that Whatley's claims are both barred from consideration by this court under the AEDPA since they are unexhausted (ie. have never been properly presented to the state court for determination) and are precluded from federal review.

### Exhaustion Standard

Having been filed on July 8, 2009, well after the effective date of AEDPA,[2] Whatley's petition is subject to review thereunder. As it relates to this petition, the AEDPA provides in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> ...
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In order to satisfy the exhaustion requirement of 28 U.S.C. §2254(b)–(c), a Texas prisoner must fairly and properly present his claims to the Court of Criminal Appeals through a petition for direct review or state habeas corpus review. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). The exhaustion doctrine requires that the state courts be given the initial opportunity to

---

[1] Federal Petition (Docket No. 1) p. 7.

[2] 28 U.S.C. §§ 2244, 2254(b)(1) and (c).

address and, if necessary, correct alleged deprivations of his federal constitutional rights. *See Wilwording v. Swenson*, 404 U.S. 249 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982); *Castille v. Peoples*, 489 U.S. 346 (1989). In the instant petition, Whatley has failed to exhaust both of his claims. Prior to the trial court or the Court of Criminal Appeals having an opportunity to consider the merits of those claims, Whatley moved to dismiss his state application.[3] Subsequently, the trial court granted the motion and the CCA dismissed Whatley's application without written order.[4] In so failing, Whatley has deprived the state courts of their initial opportunity to address the merits of either of his claims.

### Ineffective Assistance Claim

When Whatley dismissed his state application for writ of habeas corpus, he deprived the state courts of the opportunity to determine the merits of his claim of ineffective assistance of counsel. Having done so, under subsection (b) (1) of 28 U.S.C. 2254, this court may not consider this claim and should dismiss; provided, however, that consideration of this claim by the state courts is not precluded as well. Having raised this claim in his state application for the writ, any later application to the state courts to address this issue would constitute a "subsequent application" potentially subject to Texas "abuse of the writ" doctrine. *See* Tex. Code Crim. Proc. Art. 11.07 § 4(a)(stating that "if a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the *subsequent application*")(emphasis supplied). Whether a Texas court would apply the "abuse of the writ" doctrine to Whatley's subsequent application appears to have been resolved in *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997) wherein that court

---

[3] SHCR -02 [SUPP RECD] at 35-36.

[4] *Id*. at 37.

held that a "final disposition" of an initial writ must entail a disposition relating to the merits of all the claims raised. The Texas Court of Criminal Appeals routinely employs the term "dismissal" or "dismissed" to signify a disposition on procedural grounds rather than substantive ruling or determination "on the merits" typically signified by the use of the word "denied." *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998), cert. denied, 526 U.S. 1041, 119 S. Ct. 1339, 143 L. Ed. 2d 503 (1999); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997). Indeed, the Texas Court of Criminal Appeals has recognized that a dismissal of the state court application on the petitioner's own request does not preclude his filing a subsequent application which will not be subject to an "abuse of the writ" denial. See *Ex parte Ford*, 2005 WL 3429243 (Tex. Crim. App. 2005). In this case, the state court record reflects that the Texas Court of Criminal Appeals "dismissed" Whatley's state writ application. Accordingly, Whatley would have the right to raise and have this claim duly considered on its merits in the state court unless the same would be barred by limitations. There being no statutory period of limitations in the Texas applicable to the filing of a petition for writ of habeas corpus, Whatley's subsequent application would not be denied on statutory limitations grounds. Since Whatley has failed to exhaust his state court adequate corrective remedies that are still available to him, this court should dismiss his petition on this issue.

Retaliation Claim

Whatley has never presented to the state courts his claim that he was denied a fair hearing or due process by the alleged threats by the District Attorney of retaliation for his pursuing his state habeas application. Whether true or not and whether exhausted or not, this claim does not constitute a ground for federal habeas relief. The Fifth Circuit has repeatedly held, "infirmities in state habeas

proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)(stating that federal courts "look only to the trial and direct appeal"); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987). Accordingly, this claim is not cognizable on federal habeas corpus review.

Finally, as to either of his claims Whatley has neither plead nor shown that state corrective processes are neither unavailable or nor ineffective.[5]

### **Recommendation**

Based upon the foregoing, I recommend to the District Court that Michael Angelo Whatley's petition be dismissed without prejudice.

It is so ORDERED this 29th day of May, 2012.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

---

[5]     *See* 28 U.S.C. §2254 (b)(1)(B)(i) and (ii).

**Standard Instruction to Litigants**

      A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).